# EXHIBIT 6

U.S. Department
of Transportation

**Federal Aviation
Administration**

Office of the Associate Administrator
for Airports

800 Independence Ave, SW,
Washington, DC 20591

June 26, 2023

Wallace W. Dietz
Director of Law
Department of Law
Metropolitan Courthouse, Suite 108
P.O. Box 196300
Nashville, TN 37219

George H. Cate, III
Bradley Arant Boult Cummings LLP
Roundabout Plaza
1600 Division Street, Suite 700
Nashville, TN 37203

Dear Mr. Dietz and Mr. Cate,

Thank you, Mr. Dietz for your June 15 letter and Mr. Cate for your June 16 letter on behalf of the Metropolitan Nashville Airport Authority (MNAA), regarding the Metropolitan Government of Nashville and Davidson County's objections to recently enacted Senate Bill 1386.

The Bill amends the Metropolitan Airport Authority Act, including a change in the number of members of MNAA's board of commissioners and the way they will be appointed. Under the new law, the Mayor of Metro Nashville, Governor, Speaker of the Senate, and Speaker of the House each will appoint two members to the eight-member board. Previously, the Mayor of Metro Nashville appointed all members to the board. The new law becomes effective on July 1, 2023.

Mr. Dietz reported to us that Metro Nashville has filed litigation in Tennessee Chancery Court challenging the validity of the state legislation. Mr. Dietz requested that the Federal Aviation Administration (FAA) confirm that it will continue to recognize the existing board of commissioners of MNAA, pending orders of the Court, in order to avoid disruption or confusion of MNAA's operations. Mr. Cate's June 16 letter disputed various points and stated that MNAA had filed a motion to intervene in the state court litigation to protect its interests and to ensure there is no uncertainty as to who constitutes MNAA's duly empowered board of commissioners

during the pendency of the litigation. Mr. Cate further indicated that the Chancery Court "will determine who constitutes MNAA's board of commissioners while the lawsuit is pending and once a final judgment is entered." He indicated that there was no reason for FAA to intervene and MNAA did not request FAA to do so.

The FAA takes no position regarding the validity of the legislation or on the issues presented in the litigation. However, the FAA appreciates and concurs with both of your concerns that there be no confusion concerning the governance of MNAA. The FAA is also concerned about the uncertainty the legislation may have on the MNAA board governance during the pendency of the litigation. To avoid this uncertainty, please be advised that the FAA will continue to recognize the existing Board until such time as the Chancery Court rules on the issue. In the event a new Board is appointed pursuant to the Court's ruling on the legislation, the FAA will require the newly appointed Board to satisfy and honor the federal obligations the Authority has with the FAA.

I trust this information is helpful.

Sincerely,

SHANNETTA R GRIFFIN
Digitally signed by SHANNETTA R GRIFFIN
Date: 2023.06.26 16:51:29 -04'00'

Shannetta R. Griffin, P.E.
Associate Administrator
 of Airports


cc: Douglas Kreulen, MNAA