THE METROPOLITAN GOVERNMENT
OF NASHVILLE AND DAVIDSON
COUNTY, TENNESSEE and the
METROPOLITAN NASHVILLE
AIRPORT AUTHORITY,

      Plaintiffs,

v.

BILL LEE, in his official capacity as
Governor of the State of Tennessee;
RANDY McNALLY, in his official capacity
as Speaker of the Senate of the State of
Tennessee; and CAMERON SEXTON, in
his official capacity as Speaker of the
House of Representatives of the State of
Tennessee,

      Defendants.

No. 3:26-cv-00793

Chief Judge Campbell

## PLAINTIFF METROPOLITAN NASHVILLE AIRPORT AUTHORITY'S MOTION TO VOLUNTARILY DISMISS

Pursuant to Federal Rule of Civil Procedure 21, Plaintiff Metropolitan Nashville Airport Authority ("MNAA") respectfully requests that the Court drop MNAA as a Plaintiff in this lawsuit without prejudice as to any future claims, defenses, or causes of action. In support thereof, MNAA states as follows:

1. "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

2. Plaintiff MNAA moves on its own accord for an order dismissing MNAA from the lawsuit without prejudice.

3. The motion is being filed before Defendants have answered, before any discovery has taken place, and before any trial preparation has occurred. Plaintiffs' motion for preliminary injunction is pending, but Plaintiff Metropolitan Government of Nashville and Davidson County, Tennessee ("Metro") can continue to pursue that relief without MNAA.

4. Tennessee's Public Acts Chapter 978 went into effect on July 1, 2026. As a result, the existing members of MNAA's Board of Commissioners were vacated, and Defendants appointed two Commissioners each pursuant to the 2026 Act.

5. A quorum of the MNAA Board of Commissioners passed a resolution on July 6, 2026 "determin[ing] that any opposition to the 2026 Act should be withdrawn and that MNAA's participation in the Lawsuit should be terminated."

6. MNAA's bylaws provide that "[t]he composition of the membership of the Board, the terms of office of the members, and the conditions of membership are as provided in Tennessee Code Annotated Section 42-4-105, *as amended*, and are incorporated by reference into these Bylaws as if fully set forth herein, *including all future amendments thereto*." Doc. 21 at 21 (emphases added).

7. MNAA is required to follow Tennessee law, and, accordingly, the 2026 Act. Its Board of Commissioners having resolved to withdraw from this lawsuit, MNAA can no longer participate in this lawsuit and seeks dismissal.

8. Because MNAA's dismissal does not create any jurisdictional defect and because this litigation is in its early stages, neither Defendants nor Metro will suffer any legal prejudice.

9. MNAA complied with LR 7.01(a) and has conferred with counsel for Metro and Defendants. Defendants do not oppose the motion, but Metro does oppose the relief requested in the motion.

2

WHEREFORE, Plaintiff MNAA respectfully requests that this Court enter an order dismissing MNAA without prejudice to any future claims, defenses, or causes of action.

Date: July 6, 2026

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP

/s/ *George H. Cate, III*
George H. Cate, III (#12595)
James L. Murphy III (#9589)
Timothy A. Rodriguez (#40779)
One 22 One
1221 Broadway, Suite 2400
Nashville, TN 37203
(615) 244-2582
gcate@bradley.com
jmurphy@bradley.com
trodriguez@bradley.com

*Attorneys for Metropolitan Nashville Airport Authority*

3

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 6th day of July 2026, a true and accurate copy of the foregoing was filed electronically with the Clerk of the Court to be served upon all counsel of record via the Court's CM/ECF Filing System.

/s/ *George H. Cate, III*
*Attorney for Metropolitan Nashville Airport Authority*