**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, TENNESSEE and the METROPOLITAN NASHVILLE AIRPORT AUTHORITY,** | ) | |
| **Plaintiffs,** | ) | **No. 3:26-cv-00793** |
| **v.** | ) | **Chief Judge Campbell** |
| **BILL LEE, in his official capacity as Governor of the State of Tennessee; RANDY McNALLY, in his official capacity as Speaker of the Senate of the State of Tennessee; and CAMERON SEXTON, in his official capacity as Speaker of the House of Representatives of the State of Tennessee,** | ) | |
| **Defendants.** | ) | |

---

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO LIFT STAY**

---

Defendants, Bill Lee, in his official capacity as Governor of the State of Tennessee, Randy McNally, in his official capacity as Speaker of the Senate of the State of Tennessee, and Cameron Sexton, in his official capacity as Speaker of the House of Representatives of the State of Tennessee (collectively, "State Defendants"), hereby respond in opposition to the Metropolitan Government of Nashville and Davidson County's ("Metro") Motion to Lift Stay ("Motion"). For the reasons stated below, the Court should deny the Motion.

## INTRODUCTION

Metro asks this Court to lift the stay entered on July 8, 2026 (the "Stay"). (Dkt. 34.) This Court entered the stay pending "resolution of Metro's petition to the D.C. Circuit," filed in *Metro.*

*Gov't of Nashville & Davidson Cnty., Tenn., v. FAA*, No. 26-1178 ("*Metro v. FAA*"). But Metro's petition for review ("Petition") has not been resolved. While Metro's request for *emergency relief* has been denied, the Petition remains pending. Indeed, the D.C. Circuit entered an order on July 27, 2026, ordering the parties in that action (namely, Metro, the FAA, and the State of Tennessee) to file certain documents relating to the Petition, including any dispositive motions to be filed on or before September 10, 2026. (Order, *Metro v. FAA*, Doc. 2185267.) Because the Petition remains pending, the basis for the Stay is entirely unchanged. Therefore, the Court should deny Metro's Motion.

## BACKGROUND

On June 29, 2026, when this Court had yet to rule on Metro's pending Motion for Preliminary Injunction, Metro, at the eleventh hour, filed a "Motion for Administrative Stay" before the FAA. (Petition, *Metro v. FAA*, Doc 2181511, Ex. 3.) Metro's Motion for Administrative Stay requested the FAA stay any decision by the FAA to "approve" the State-appointed board members of the Metropolitan Nashville Airport Authority ("MNAA"), appointed pursuant to 2026 Tenn. Pub. Acts, ch. 978 (the "2026 Act"). (*Id.*) Metro provided the FAA with less than 24 hours to address its motion and then promptly filed a Petition with the D.C. Circuit on July 1, 2026. (*Id.*) Then, on July 2, 2026, Metro filed its "Emergency Motion for Injunction Pending Review, or in the alternative, for Stay of Agency Action Pending Review." (Emergency Mot., *Metro v. FAA*, Doc. 2181599.) The State intervened, and both the State and FAA filed responses in opposition to Metro's emergency motion. (*Metro v. FAA*, Doc. 2183064; 2183094.) On July 8, 2026, the Stay in this proceeding was entered.[1] (Dkt. 34.) On July 27, 2026, the D.C. Circuit denied Metro's

[1] In its order imposing the Stay, this Court acknowledged a related case, *In re: Chattanooga Metropolitan Airport Authority and City of Chattanooga, Tennessee,* Case No. 26-1166 (D.C. Cir.) (filed Jun. 23, 2026). ("*Chattanooga Mandamus Action*"). (Dkt. 34). On July 30, 2026, in the *Chattanooga Mandamus Action*, the D.C. Circuit ordered the FAA to respond to the mandamus petition filed in that case on or before August 30, 2026. (*Chattanooga Mandamus*

emergency motion. (Per Curium Order, *Metro v. FAA*, Doc. 2185177.) That same day, the D.C. Circuit entered a scheduling order, providing the parties a joint deadline of September 10, 2026, to file any dispositive motions and deferring any additional briefing. (Clerk's Order, *Metro v. FAA*, Doc. 2185267.) Metro's Petition remains pending.

## ARGUMENT

The Stay should remain in place. The Petition remains pending since this Court entered its Stay, and thus there is no basis for lifting it. Courts generally consider the following factors when determining whether to stay a case: "(1) the potentiality of another case having a dispositive effect on the case to be stayed, (2) the judicial economy to be saved by waiting on a dispositive decision, (3) public welfare, and (4) the hardship/prejudice to the party opposing the stay." *Costello v. Mountain Laurel Assurance Co.*, No. 2:22-CV-35-TAV-CRW, 2024 WL 4115979, at *2 (E.D. Tenn. Sept. 5, 2024) (citing *Walker v. Cedar Fair, L.P.*, 520 F. Supp. 3d 925, 931 (N.D. Ohio 2021); *Higgins v. BAC Home Loans Servicing, LP*, No. 5:12-cv-183, 2012 WL 5332476, at *2 (E.D. Ky. Oct. 29, 2012); *see also Shoemaker v. Phillips*, No. 3:24-cv-00686, 2024 WL 3656180, at *1-2 (M.D. Tenn. Aug. 5, 2024) (similar). These factors justified the Court's initial stay of this matter, and they continue to do so.

### 1. Metro must concede its lawsuit against the FAA may impact this litigation.

Metro's own arguments before the D.C. Circuit in *Metro v. FAA* are fatal to its request to lift the Stay. In Metro's Petition, it argued that the "FAA must exercise its sole legal authority under Section 757(a) to determine whether any change in governance of, or operational responsibility for, the Airport sponsor may proceed," (*Metro v. FAA*, Doc. 2181511 at 8) and that

---

*Action*, Doc. 2185910.) Additionally, on August 7, 2026, the Court granted the State of Tennessee's motion for leave to intervene. (Clerk's Order, *Mandamus Action*, Doc. 2187212.) The Court ordered any other intervenors to notify the Court within 14 days and indicated a briefing schedule for intervenors would be forthcoming. (*Id.*)

"Section 757 Applies and Confers Exclusive Authority on FAA" (*id.* at 5 (Heading)). Similarly, in its Reply to the State's Response, Metro argued that it "is injured by the fact that the FAA refuses to comply with Section 757," (Reply, *Metro v. FAA*, Doc. 2183983 at 4) and that "Metro Nashville plainly has standing to seek FAA compliance with Section 757" (*id*. at 2). And in its Reply to the FAA's Response, Metro argued that "the injury to Metro Nashville is directly traceable to FAA's failure to comply with the requirements of Section 757." (Reply, *Metro v. FAA*, Doc. 2183852 at 6.)

In Metro's own words, there is undeniable overlap between the relief Metro seeks in *Metro v. FAA* (and the underlying administrative action before the FAA) and its requested relief here. (*Compare* Petition, *Metro v. FAA*, Doc 2181511; Dkt. 2.) Given the obvious overlap of issues and the positions Metro takes in *Metro v. FAA*, Metro cannot in good faith deny the fact that the decision reached in *Metro v. FAA* may impact this lawsuit.

**2. Judicial economy is best served by waiting on a final decision in *Metro v. FAA.***

Judicial economy is best served by allowing *Metro v. FAA* to play out. The Court recognized this fact when it issued the Stay, noting the benefits to judicial economy of allowing Metro's Petition to proceed. (Dkt. 34.) Nothing has changed in this regard. The Petition remains pending, and a scheduling order has been issued. All the D.C. Circuit has done so far is deny Metro's request for emergency relief.

To conjure a change in circumstance, Metro relies heavily on statements made by the FAA in its briefing in *Metro v. FAA* that Metro has taken entirely out of context, including that the FAA has "formally confirmed that it has not approved the State-appointed board." (Pl. Mem. in Supp. of Mot. to Lift Stay at 1, Dkt. 41.) In *Metro v. FAA*, the FAA stated, "[w]hatever the merits of the petition for review challenging alleged agency inaction, Nashville is not entitled to the

extraordinary remedy of an injunction to restrain wholly hypothetical action that FAA has not yet taken and may never take." (*Metro v. FAA*, Doc. 2183064 at 7.) The FAA's statements in *Metro v. FAA* were made only in response to Metro's Emergency Motion for Relief. Indeed, the FAA explicitly declined to opine on the merits of Metro's Petition. *Id.* Thus, the statements made by the FAA do not create a change in circumstance which alters the benefits to judicial economy in continuing the stay.

Given it is Metro who elected to demand FAA input, judicial economy is best served by allowing Metro's Petition to be resolved before proceeding with this litigation.

**3. The public welfare is benefited by keeping the Stay in place.**

The public benefits by permitting *Metro v. FAA* to reach a conclusion. Contrary to Metro's argument that the FAA has "approved nothing" are the FAA's actions following the D.C. Circuit's July 27, 2026, ruling. (Pl. Mem. in Supp. of Mot. to Lift Stay at 2, Dkt. 41.) Since July 27, 2026, the FAA has entered into three new grant agreements with the MNAA and has entered into a new lease with MNAA for space at the airport. *See* Decl. of Douglas E. Kreulen, A.A.E. ¶¶ 4-6.[2] Airport operations continue to run smoothly while the litigation surrounding this dispute proceeds, (*Id.* ¶ 3), and the FAA is working closely (and in harmony) with the current MNAA board. Nashville International Airport and John C. Tune Airport are operating normally with no impact to the public and thus, the public welfare is benefitted by continuing the stay.

Lastly, the "public interest is served by conserving judicial time and resources in the face of duplicative proceedings." *Higgins*, 2012 WL 5332476, at *3. As discussed *supra*, *Metro v. FAA* involves similar issues. The public interest is best served by continuing the Stay.

**4. There is little hardship or prejudice to Metro by keeping the Stay in place.**

---

[2] A copy of the Kreulen Declaration is attached hereto as **Exhibit 1**.

There is little hardship to Metro by keeping the Stay in place. Metro attempts to conjure a hardship by demonstrating that since July 1, 2026, the newly appointed MNAA board has been holding meetings and conducting business. (Dkt. 41 at 16-18.)

The State Defendants do not dispute that MNAA is carrying out its functions. But Metro cannot point to any concrete harm or prejudice that this has caused Metro. Metro's Motion lacks any assertion that the airports are not properly functioning. Metro does not assert that any MNAA obligations are going unmet. Metro does not allege that flights are delayed or that maintenance is forgone. Metro cannot point to contracts that have been terminated or grant funding that has been denied or withdrawn. Metro's entire argument regarding hardship is conjecture and contrary to the actual operations of the two airports. (*See* Decl. of Douglas E. Kreulen, A.A.E.)

## CONCLUSION

For the foregoing reasons, the Court should deny Metro's Motion.

Respectfully submitted,

**JONATHAN SKRMETTI**
**ATTORNEY GENERAL AND REPORTER**

*/s/ Tyler Sanders*
TYLER SANDERS, BPR No. 36189
Senior Assistant Attorney General
LAUREL K. HALL BPR No. 041092
Senior Assistant Attorney General
Office of the Tennessee Attorney General
Financial Division
P.O. Box 20207
Nashville, TN 37202
tyler.sanders@ag.tn.gov
laurel.hall@ag.tn.gov
(615) 313-5789

*Attorneys for the Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was filed and served by operation of the Court's electronic filing system on the 14th day of August, 2026, upon:

DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT
OF NASHVILLE AND DAVIDSON COUNTY
Tyler Chance Yarbro
Metropolitan Courthouse, Suite 108
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
tyler.yarbro@nashville.gov

SPERLING KENNY NACHWALTER LLC.
Phillip Cramer
W. Campbell Haynes
1221 Broadway, Suite 2140
Nashville, Tennessee 37203
pcramer@sperlingkenny.com
chaynes@sperlingkenny.com

*Counsel of Record for Metropolitan Nashville Airport Authority*

BASS, BERRY, & SIMS, PLC
Robert E. Cooper, Jr.
Jeffrey P. Yarbro
Wesley S. Love
21 Platform Way South, Suite 3500
Nashville, Tennessee 37203
(615) 742-6200
bob.cooper@bassberry.com
jyarbro@bassberry.com
wesley.love@bassberry.com
jordan.thomas@bassberry.com

*Counsel for Metro Nashville*

BRADLEY ARANT BOULT CUMMINGS, LLP
George H. Cate III
James L. Murphy III
Timothy A. Rodriguez
1221 Broadway, Suite 2400
Nashville, TN 37203
gcate@bradley.com
jmurphy@gradley.com
Trodriguez@bradley.com

*Counsel for Movants in Motion to Substitute*

*/s/ Tyler Sanders*
Tyler Sanders